UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------X
JESSE CHEN, Individually and on Behalf  :
of All Others Similarly Situated,
                                        :
            Plaintiff,                  :
                                        :
       v.                               :
                                        :   **MEMORANDUM AND ORDER**
SELECT INCOME REIT, DAVID M.            :
BLACKMAN, ADAM D. PORTNOY,              :   18-CV-10418 (GBD) (KNF)
DONNA D. FRAICHE, WILLIAM A.            :
LAMKIN and JEFFREY P. SOMERS,           :
                                        :
            Defendants.                 :
------------------------------------------------------X
KEVIN NATHANIEL FOX
UNITED STATES MAGISTRATE JUDGE

Before the Court is the plaintiff's motion, "pursuant to Local Civil Rule 6.3, for reconsideration of the June 25, 2019 order denying Plaintiff's motion for attorneys' fees," opposed by the defendnats.

***Plaintiff's Contentions***

The plaintiff contends that: (1) "the Court overlooked or misconstrued an important factual matter—that this action has been rendered moot as a result of the Supplemental Disclosures, which provided Plaintiff with the relief he sought"; and (2) "to the extent the Court also denied Plaintiff's motion for attorneys' fees on the basis that it believed *Mills v. Elec. Auto-Lite Co.*, 396 U.S. 375 (1970) and its progeny limit the common benefit doctrine's applicability to shareholder derivative actions as opposed to class actions, *see* June 25th Order at 14, 17, the Court erred." With respect to the argument that "the Court overlooked or misconstrued an important factual matter—that this action has been rendered moot as a result of the Supplemental Disclosures, which provided Plaintiff with the relief he sought," the plaintiff asserts, inter alia:

1

The primary relief sought by Plaintiff was an order enjoining the Defendants from consummating the Merger "unless and until Defendants disclose[d] the material information identified" in the Complaint which had been omitted from the Proxy. Complaint at Prayer for Relief B, ¶ 6. As an alternative, Plaintiff also included a prayer for rescission and damages, but such relief would only be available in the event the Defendant failed to disclose the material information identified in the Complaint prior to the shareholder vote on the Merger. If, as turned out to be the case, the Defendants remedied the Proxy disclosure deficiencies prior to the shareholder vote, there would no longer be a viable Section 14(a) disclosure violation for SIR shareholders to seek rescission or damages. ... Here, Defendants indisputably elected to moot Plaintiff's claims by making the Supplemental Disclosures after Plaintiff moved for a preliminary injunction.

With respect to the argument that the Court made a clear legal error, "to the extent the Court also denied Plaintiff's motion for attorneys' fees on the basis that it believed *Mills v. Elec. Auto-Lite Co.*, 396 U.S. 375 (1970) and its progeny limit the common benefit doctrine's applicability to shareholder derivative actions as opposed to class actions," the plaintiff asserts that Mills "makes clear that the common benefit doctrine applies in all cases – regardless of the form – 'where the litigation has conferred a substantial benefit on the members of an ascertainable class.'" Furthermore, "to the extent the June 25th Order denying attorneys' fees was premised upon the fact that this action did not reach a further stage like summary judgment, that Plaintiff obtained the relief he sought at an early stage of the litigation has no bearing on whether an award of attorneys' fees is warranted."

### *Defendants' Contentions*

The defendants oppose the plaintiff's motion for reconsideration, contending that: (i) the plaintiff does not identify any controlling authority that the Court overlooked and his "disagreement with the Court's analysis and decision is not a valid basis for reconsideration"; (ii) the mootness of the plaintiff's claims does not compel a different result; and (iii) even if the Court were to reconsider its order, "the Court should reach the same result." The defendants contend that the plaintiff "argues that the Court *misapplied* the purportedly controlling decisions

2

Plaintiff cited in support of his Fee petition," criticizing "the Court's analysis of *Christensen v. Kiewit-Murdock Investment Corp.*, 815 F.2d 206 (2d Cir. 1987), claiming that the Court incorrectly listed the grounds for recovering attorneys' fees under the 'common benefit doctrine' as an 'all-inclusive list' rather than 'merely selected examples.'" According to the defendants, "nothing in *Christensen* supports this claim." The defendants assert that they

> agree that Plaintiff's claims are moot and that no further relief is obtainable by Plaintiff. (*See* ECF No. 41). Although Plaintiff has yet to voluntarily dismiss his claims, this litigation remains ongoing solely for Plaintiff to attempt to obtain an award of attorneys' fees. . . . Plaintiff concedes that his claims were mooted before motions for lead plaintiff and lead counsel were due to be filed pursuant to the Private Securities Litigation Reform Act of 1998 (the "PSLRA"), 15 U.S.C. § 78u-4(a)(3)(B). (*See* ECF Nos. 21, 32, 41). Indeed, he acknowledges that he did not even move to represent the putative class that he purports to have benefited. (*See* ECF No. 41.) . . . Plaintiff provides no basis in his Motion for the Court to conclude that a fee award is warranted on the grounds that Plaintiff no longer has any pending claims. In short, even assuming *arguendo* that the "common benefit doctrine" could support an award of attorneys' fees for claims subject to the PSLRA in circumstances where a plaintiff's disclosure-only claims have become moot, this certainly is not one of those cases, and mootness in and of itself is insufficient to justify an award of attorneys' fees.

The defendants contend that, even if the Court were to reconsider its order, the Court should reach the same result because the plaintiff failed to show that the common benefit doctrine justified a fee award in this case, since: (1) "Plaintiff's litigation efforts conferred no benefit on the alleged putative class because the Supplemental Disclosure contained immaterial information"; (2) "Plaintiff has not (and cannot) 'establish[] a violation of the securities laws,' as is required to recover attorneys' fees under *Mills*"; (3) "Plaintiff was not the 'proximate cause' of the Supplemental Disclosures" because "Plaintiff refused to join in the settlement agreement that resulted in the Supplemental Disclosures"; and (4) "[r]econsideration likely would resolve any uncertainty concerning the applicability of the PSLRA's prohibition on awards of attorneys' fees where counsel's efforts have not resulted in an award of monetary relief for the plaintiff class."

3

*Plaintiff's Reply*

The plaintiff asserts that, to the extent that the Court's denial of his motion for attorneys' fees was predicated on the mistaken belief that Plaintiff's claims were not actually moot and that a claim for damages was still viable, reconsideration is warranted, since the defendants agree that "Plaintiff's claims are moot and that no further relief is obtainable by Plaintiff." The plaintiff maintains that the defendants "do not dispute the fundamental legal point Plaintiff's motion for reconsideration is predicated on—that the common benefit doctrine is *not* limited to shareholder derivative actions," and, to the extent that the Court's decision "was predicated on the belief that *Mills* and its progeny limited the common benefit doctrine's applicability solely to shareholder derivative actions," the motion for reconsideration should be granted "to correct this clear error of law."

*Legal Standard*

To obtain relief on a motion for reconsideration in this court, the movant must identify "the matters or controlling decisions which counsel believes the Court has overlooked." Local Civil Rule 6.3. "This rule has been interpreted as precluding arguments raised for the first time on a motion for reconsideration," Caribbean Trading & Fidelity Corp. v. Nigerian Nat'l Petroleum Corp., 948 F.2d 111, 115 (2d Cir. 1991). On a motion for reconsideration under Local Civil Rule 6.3, the movant may not "advance new facts, issues or arguments not previously presented to the Court." Id. (citation omitted).

*Application of Legal Standard*

Matters Overlooked

The Court finds that it overlooked the fact that the plaintiff stipulated that his "claims in this Action [are] mooted and the only outstanding issue is Plaintiff's Motion for Attorney Fees

4

and Expenses," as the record in this action demonstrates. See Docket Entry No. 41. Accordingly, reconsideration of the Court's June 25, 2019 denial of the plaintiff's motion for attorney's fees is warranted on the basis of the overlooked factual matter.

Controlling Decisions Overlooked

The plaintiff failed to identify any controlling decisions the Court overlooked in its June 25, 2019 decision; rather, the plaintiff argues that the Court misinterpreted "*Mills* and its progeny." Accordingly, reconsideration of the Court's June 25, 2019 denial of the plaintiff's motion for attorney's fees is not warranted on the basis of the assertion that the Court overlooked controlling decisions.

## *Conclusion*

For the foregoing reasons, the plaintiff's motion for reconsideration of the June 25, 2019 order denying the plaintiff's motion for attorney's fees, Docket Entry No. 46, is granted, and the Court's June 25, 2019 order, Docket Entry No. 44, is vacated. In light of the factual matter previously overlooked, the Court will reconsider the plaintiff's motion for attorney's fees. The Clerk of Court is directed to remove the gavel at Docket Entry No. 47, which is the plaintiff's memorandum of law erroneously designated as a motion.

Dated: New York, New York
August 13, 2019

SO ORDERED:

*Kevin Nathaniel Fox*
KEVIN NATHANIEL FOX
UNITED STATES MAGISTRATE JUDGE